UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMEY WILCOX,

                              Plaintiff,

v.                                           Civil Action No. _____

SCOTT LOWERY LAW OFFICE, P.C., and
ARROW FINANCIAL SERVICES, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jamey Wilcox is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Scott Lowery Law Office, P.C., (hereinafter "Lowery") is a foreign business corporation organized and existing under the laws of the State of Colorado and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Arrow Financial Services, LLC, (hereinafter "Arrow") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That at all times relevant herein, Scott Lowery Law Office, P.C. acted as agent for Arrow and acted within the scope of their agency.

8. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the said Defendant or an employee of the said Defendant.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a debt on a GE Money Bank credit card. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter defaulted on the subject debt.

14. That upon information and belief, GE Money Bank assigned the subject debt to Arrow.

15. That upon information and belief, Defendant Scott Lowery Law Offices, P.C. was then employed by Arrow to collect the subject debt.

16. That in or about December, 2008, Defendant began calling Plaintiff multiple times per week, often up to four times a day, in an attempt to collect on the subject debt.

17. That in or about December, 2008, Defendant Lowery called Plaintiff's uncle, Dennis Dukat, and inquired about the current contact information for Plaintiff. Plaintiff's uncle explained that he did not feel comfortable giving out that information and requested that Defendant stop calling. Defendant also disclosed Plaintiff's debt to Mr. Dukat, including the amount of said debt, and asked Plaintiff's uncle if he would be able to pay said debt for his nephew.

18. After Defendant's phone conversation with Mr. Dukat, Defendant immediately called Plaintiff on Plaintiff's cellular telephone, and left a message. The message stated that Mr. Dukat told Defendant to contact Plaintiff on his cellular telephone, a completely untrue statement.

19. That Defendant Lowery continued to call Plaintiff multiple times per week, often multiple times per day, from December, 2008 until February, 2009.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A   Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing to Plaintiff's uncle, Dennis Ducat, that Plaintiff owed a debt and the amount of said debt.

    C. Defendant violated 15 U.S.C. §1692f by attempting to get payment of the subject debt from a third party, Plaintiff's uncle.  Such action by Defendant was an unfair, unconscionable attempt to collect the subject debt.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

24. That Arrow is vicariously liable for all of the tortious conduct committed by Scott Lowery Law office, P.C. as described in this complaint pursuant to the laws of agency and respondeat superior.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 11, 2009

      /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com